IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


SHAWN PANZER, TERRY PANZER,
SHAWN AND TERRY PANZER, NATURAL
PARENTS AND ADULT NEXT FRIEND
OF KYLE PANZER AND BLAINE
PANZER, MINORS                                               PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:04-CV-998BN

CONTINENTAL AIRLINES, INC.                                   DEFENDANT


<u>OPINION AND ORDER</u>

This cause is before the Court on Defendant's Motion for
Summary Judgment. Having considered the Motion, Response, Rebuttal
and all attachments to each, as well as supporting and opposing
authority, the Court finds that Defendant's Motion is well taken
and should be granted.

### I.   Factual Background and Procedural History

In May 2004, Plaintiffs Shawn and Terry Panzer booked an
international flight for themselves and their two minor children
with Defendant Continental Airlines. On June 1, 2004, Plaintiffs
departed from Jackson International Airport in Jackson, Mississippi
with an intended final destination of San Jose, Costa Rica.
Plaintiffs allege that on more than one occasion employees of
Defendant informed them that a birth certificate was sufficient
documentation for the two children to enter Costa Rica. However, as
Plaintiffs discovered when they arrived at the airport in Costa

Rica, a passport was required for the two children to enter the country.    Because the children did not have the proper documentation, Plaintiffs allege that Costa Rican Immigration and Border authorities would not allow them to enter the country. Consequently, Plaintiffs were forced to remain in the airport until the next day when they were transported back to the United States.

On November 4, 2005, Plaintiffs filed the instant action in the County Court of the First Judicial District of Hinds County, Mississippi, essentially asserting a negligent misrepresentation claim against Defendant and alleging miscellaneous damages that resulted from their detention in Costa Rica.  Defendant removed the case to this Court and has now moved for summary judgment.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it

unlikely that the non-moving party will prevail at trial.  <u>National
Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th
Cir. 1962).

### III. Analysis

Defendant contends that pursuant to the Contract of Carriage
("the Contract") between Plaintiffs and Defendant, Defendant is not
liable for any alleged misrepresentation made by employees of
Defendant.  The Contract, in pertinent parts, provides:

> RULE 19 <u>TRAVEL DOCUMENTS</u>
>     A) Each Passenger desiring transportation across
>     any international boundary is responsible for
>     obtaining all necessary travel documents and for
>     complying with the laws of each country flown from,
>     through   or   into   which   he/she   desires
>     transportation. . . . [Continental] is not liable
>     for any assistance or information provided by any
>     agent/employee of [Continental] to any Passenger
>     relating to such documents or compliance with such
>     laws, or for the consequences to any Passenger
>     resulting from his/her failure to obtain such
>     documents or to comply with such laws.
>                              ***
> RULE 28 <u>ADDITIONAL LIABILITY LIMITATIONS</u>
>                              ***
>     C) General Limitation of Liability
>                              ***
>         2) [Continental] shall not be liable for any
>         damage   arising   out   of   [Continental's]
>         compliance   with   any   laws,   government
>         regulations, orders, rules, requirements or
>         security directives or as a result of a
>         Passenger's failure to comply with such laws,
>         government   regulations,   orders,   rules,
>         requirements or security directives or as a
>         result of Passenger's reliance on advice
>         provided by [Continental].

Exhibit "B" to Defendant's Motion for Summary Judgment. Defendant
also asserts that Rules 19 and 28 were both filed with the United

States Department of Transportation ("DOT") as tariffs prior to the time Plaintiffs booked their international flights. See Supplemental Affidavit of Edna Smith, ¶ 3.

Tariffs that are validly filed with the DOT are considered binding law between an airline and its passengers. See Foster Wheeler Energy Corp. v. An Ning Jiang MV, 383 F.3d 349, 359 (5th Cir. 2004) ("a tariff validly filed is not a mere contract but is the law promulgating the applicable standard which binds the carrier and shipper"); see also Seisay v. Compagnie Nationale Air France, No. 95 Civ. 7660; 1997 WL 431084, at *3-4 (S.D. N.Y. July 30, 1997) (citing North Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.3d 229, 233 (2d Cir. 1978)). Plaintiffs do not dispute that Rules 19 and 28 were filed as tariffs with the DOT prior to the alleged misrepresentations.  Moreover, Rules 19 and 28 clearly dictate that passengers, not the airline, are responsible for procuring the proper travel documents for international flights. Rule 19 explicitly states that Continental is not liable for any misinformation provided by one of its employees regarding requisite travel documentation.

Plaintiffs' lone argument in response is that the terms of the Contract were never "effectively" communicated to them. However, whether Plaintiff had actual knowledge of the Contract terms is irrelevant. An airline passenger is deemed to have constructive knowledge of a tariff that has been properly filed

with the DOT. <u>Seisay</u>, 1997 WL 431084, at *3-4. Again, it is undisputed that Rules 19 and 28 were properly filed tariffs. Thus, Plaintiffs had constructive notice of the tariffs and are therefore bound by their terms.

Even if Plaintiffs were required to have actual notice of the Contract, the Court finds that Plaintiffs had such notice. Plaintiff Terry Panzer alleges in an affidavit that Plaintiffs booked their flight on Orbitz.com ("Orbitz") and that the electronic ticket they received from Orbitz failed to inform them of a Contract of Carriage. <u>See</u> Exhibit "A" to Plaintiffs' Response to Defendant's Motion for Summary Judgment, ¶ 2. However, the electronic ticket attached to the affidavit provides a notice which appears as follows:

> **Important fare notice**.
> Please read the **<u>fare rules</u>** and the ticket **<u>terms and conditions</u>** for more information.

<u>Id</u>. (emphasis in original). By clicking on the "terms and conditions" link, Plaintiffs would have been directed to a webpage on the Orbitz website entitled "Notice of Incorporated Terms of Contract." That notice incorporates by reference the contract of carriage of all airlines for which Orbitz sells tickets. <u>See</u> Supplemental Affidavit of Edna Smith, ¶¶ 5-6. Thus, Defendant's contract of carriage was incorporated by reference on Plaintiffs' electronic ticket. Pursuant to federal regulation, "a ticket or other written instrument that embodies the contract of carriage

may incorporate contract terms by reference. . . ." 14 C.F.R. § 253.4. Therefore, the electronic tickets issued to Plaintiffs, which incorporated by reference the terms of the Contract, provided Plaintiffs sufficient actual notice of the Contract.

Because Plaintiffs are bound by Rules 19 and 28 of the Contract, which have been properly filed as tariffs with the DOT, Defendant is not liable for the alleged misrepresentations made by employees of Defendant to Plaintiffs. Accordingly, the Court finds that no genuine issues of material fact exist and Defendant is entitled to judgment as a matter of law.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [docket entry no. 5] is well taken and is hereby granted. This case is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that a Final Judgment will be entered reflecting the final resolution of this matter.

SO ORDERED this the 14th day of November, 2005.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE


blj